# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDERSON J., | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL NO. 2:18-CV-115-DBH |
| NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| | ) | |
| **DEFENDANT** | ) | |

## ORDER ON MOTION TO DISMISS

The plaintiff, proceeding without a lawyer, has filed this lawsuit against the Commissioner of Social Security. He complains of "The amount Withheld and Refuse to Pay." Compl. (ECF No. 1). The Commissioner has moved to dismiss, arguing that the plaintiff has not exhausted his administrative remedies and that therefore there is no final decision for this court to review. Def.'s Mot. (ECF No. 17).

It appears from the parties' exchange on the motion to dismiss that two decisions underlie the dispute. The plaintiff has been receiving disability benefits since 1988. Podraza Decl. at 2-3 (ECF No. 17-1). He later filed an application for widower's benefits, received an initially unfavorable decision from an administrative law judge, requested that the Appeals Council review that decision, thereby obtained a remand, and in August 2017 received a fully favorable decision from an Administrative Law Judge, notifying him of his right to a written appeal. Id. at 3. That is the first decision. The Commissioner says he did not appeal it, and he has not disagreed. On November 17, 2017, he

received a notice of overpayment of benefits, with a written notice of his right to ask for an appeal within 60 days. Id. That is the second decision. Once again, he did not appeal it. Instead, he filed this lawsuit on March 19, 2018.

A federal court has authority to review only a "final decision" by the Commissioner. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210; Sims v. Apfel, 530 U.S. 103, 107 (2000). Because this plaintiff failed to pursue his appeal rights within the Social Security Administration, the two decisions that upset him are not "final decisions," and therefore this court cannot entertain his lawsuit challenging the Commissioner's actions.

It is apparent from the exchange in this Court on the motion to dismiss that the plaintiff is confused about what the Social Security Administration has done on his claims, thinks he has been getting the brushoff, and believes that he has been treated disrespectfully. Since I noted that he had a lawyer on his successful claim for widower's benefits, I asked the Clerk's Office to contact that lawyer to see if he could address and perhaps alleviate the plaintiff's confusion and concern.[1] The effort was unsuccessful, and therefore I have now ruled on the matter, which unfortunately cannot explain to the plaintiff the treatment of his claims within the Social Security Administration.

The Commissioner's motion to dismiss is **GRANTED**.

**SO ORDERED.**
**DATED THIS 16TH DAY OF AUGUST, 2018**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] The plaintiff seems to think that it was the Social Security Administration that contacted his lawyer and that they "asked him to drop this case." Pl.'s Letter (ECF No. 21).